UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    DEMARIS L. LUGO,
                                  Plaintiff,

                           13-CV-1767 (JPO)
                -v-

                         ORDER ADOPTING
    CAROLYN W. COLVIN, Acting Commissioner    REPORT AND
    of Social Security,                                RECOMMENDATION
                                  Defendant.
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      The Court has reviewed Magistrate Judge Pitman's Report and Recommendation (the "Report") (Dkt. No. 32) on Plaintiff Demaris Lugo's action, brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  Lugo seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI").

      The Commissioner decided that Lugo was not disabled.  Lugo challenges only one aspect of that decision—namely, that the Commissioner improperly relied on Medical-Vocational Guidelines Rule 202.20, 20 C.F.R. Pt. 404, Subpt. P, App. 2 [hereinafter: "the Grids"].  "[E]xclusive reliance on the [Grids] is inappropriate" where nonexertional limitations "significantly diminish [a claimant's] ability to work."  *See Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004), *as amended on reh'g*, 416 F.3d 101 (2d Cir. 2005).  Instead, the Commissioner must take an "intermediate" step—if the claimant's nonexertional limitations significantly diminish her ability to work, the Commissioner must consider vocational testimony to determine whether meaningful work opportunities remain.  *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986).

1

The Commissioner, Lugo argues, failed to articulate a rationale for ignoring her left ulnar nerve injury; limitations in her social functioning; limitations in her concentration, persistence, or pace; and environmental restrictions relating to her chronic asthma. (Report, at 27.) She therefore argues that the Commissioner skipped the "intermediate" step by relying on the Grids without first consulting a vocational expert to determine if nonexertional limitations significantly diminished Lugo's ability to perform the basic mental demands of unskilled work. *See Bapp*, 802 F.2d at 605. The Commissioner argues that Lugo's nonexertional limitations are "not significant as a matter of law" under Social Security regulations. (*Id.* at 34 (citing Social Security Ruling 85-15).)

Judge Pitman concluded that the Commissioner failed to address whether Lugo's limitations were exertional or nonexertional and, even assuming the limitations were nonexertional, they are not insignificant as a matter of law. (*Id.* at 32.) Judge Pitman further concluded that the Commissioner committed legal error by skipping *Bapp*'s intermediate step. He recommended that this Court remand the action.

No party filed a timely objection to the Report; therefore the Court reviews it for clear error. *See* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Borcsok v. Early*, 299 F. App'x 76, 77 (2d Cir. 2008). Magistrate Judge Pitman's well-reasoned Report presents no such errors and is therefore fully adopted by this Court.

Accordingly, Lugo's motion for judgment on the pleadings is GRANTED to the extent of remanding to the Commissioner pursuant to sentence 4 of 42 U.S.C. § 405(g), and the Commissioner's motion for judgment on the pleadings is DENIED. This matter is hereby remanded to the Commissioner for further proceedings consistent with the Report.

3

      The Clerk of the Court is directed to close the motions at docket numbers 22 and 25 and to close the case.

      SO ORDERED.

Dated: October 9, 2014
       New York, New York

_____
J. PAUL OETKEN
United States District Judge